IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS WAYNE GORDON,

    Petitioner,

    v.

TOM L. CAREY, Warden,

    Respondent.

CIV-S-01-1791 DFL PAN P

ORDER

    Petitioner Curtis Wayne Gordon, a state prisoner proceeding pro se, has filed a petition under 28 U.S.C. § 2254 challenging his convictions in state court for voluntary manslaughter, attempted voluntary manslaughter, kidnaping and vehicle theft. Petitioner was sentenced to 17 years in prison, which includes a 10-year sentence enhancement for the use of a firearm in the commission of the crimes of conviction. Respondent has filed an answer to the petition.

    Petitioner's conviction arises out of an altercation with victims Stephan Clark and Clifton Stovall, which ended in

shootings that left Clark wounded and Stovall dead.[1] Petitioner's theory at trial was that he was acting in self-defense and in defense of others.

Petitioner raises five different claims in his petition: (1) the trial court erroneously rejected his proposed "antecedent threat" instructions, which prevented him from effectively presenting his defense; (2) the trial court erroneously denied a mistrial after the prosecutor, in his closing argument, used a co-defendant's statement to impeach petitioner's testimony; (3) the trial court abused its discretion by permitting the prosecutor to reopen his case-in-chief to present another witness during the defense case; (4) the prosecutor systematically excluded black jurors in violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712 (1986); and (5) the trial court judge arbitrarily increased the length of his sentence for the gun enhancement on remand.

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or

---

[1] Unless otherwise noted, the facts laid out below are taken from the December 23, 1998 and March 23, 2000 opinions of the California Court of Appeal, which are Exs. A and D, respectively, to respondent's answer.

2

>    (2) resulted in a decision that was based on an unreasonable determination
>    of the facts in light of the evidence
>    presented in the State court proceeding.

28 U.S.C. § 2254(d).  The "contrary to" clause applies when a state court applies a rule different from the governing law set forth in the Supreme Court's cases, while the "unreasonable application" clause applies if the state court correctly identifies the governing legal principle but unreasonably applies it to the facts of the particular case.  Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843 (2002).  The petitioner has the burden of showing that the state court's decision was either contrary to, or an unreasonable application, of state law.  Woodford v. Visciotti, 537 U.S. 19, 25, 123 S.Ct. 357 (2002).  All of the claims Gordon's petition were raised in his two state court appeals, and were either addressed on the merits or found to be procedurally barred.  Therefore, the court must defer to the state court determinations of these claims, unless petitioner satisfies his burden of overcoming the presumption of correctness.

Petitioner's first claim is that the trial court erred in refusing to give to the jury his requested "antecedent threat" instructions, which would have expressly informed the jury that prior threats by a victim could be used to determine the reasonableness of a claim of self-defense.  A defendant has a due process right to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some

foundation in the evidence.  <u>United States v. Mason</u>, 902 F.2d 1434 (9th Cir. 1990).  The failure to give such instructions, where warranted, is generally reversible error.  <u>Id.</u>  However, it is not reversible error to reject a defendant's proposed instructions on his theory of the case if other instructions, in their entirety, adequately cover that defense theory.  <u>Id.</u>; <u>United States v. Romero-Avila</u>, 210 F.3d 1017, 1024 (9th Cir. 2000).  A defendant is not entitled to any particular form of instruction, nor is he entitled to an instruction that merely duplicates what the jury has already been told.  <u>United States v. Lopez-Alvarez</u>, 970 F.2d 583, 597 (9th Cir.1992).

    The state court determined that the instructions given adequately informed the jury of the relevance of prior threats by the victims, and that the failure to give the proposed instructions was harmless error.  (Answer Ex. A at 31-32.)  This determination is not contrary to or an unreasonable application of clearly established federal law, nor is it an unreasonable determination of the facts.  Therefore, this claim is DENIED.

    Petitioner's second claim asserts that the trial court erred in failing to declare a mistrial after the prosecutor improperly invoked a co-defendant's statement to impeach petitioner.  The state court found that petitioner was procedurally barred from bringing this claim because his trial counsel did not contemporaneously object to the prosecutorial misconduct.  (<u>Id.</u> at 52-54.)  The requirement of a contemporaneous objection to prosecutorial misconduct is an independent and adequate state

4

procedural ruling that bars petitioner from raising the claim now.  Rich v. Calderon, 187 F.3d 1064 (9th Cir. 1999).  As petitioner has made no showing of cause and prejudice for his default, this claim is DENIED because of the procedural default.

In his third claim, petitioner argues that the trial court erred by permitting the prosecutor to re-open the prosecution's case-in-chief to present another witness in the middle of petitioner's testimony.  Because this testimony would have been proper rebuttal testimony, had it been presented at the end of the defense case, the sole ground for petitioner's claim is that permitting the witness to testify in the middle of his testimony undermined his ability to adequately present his defense.  There were perfectly good reasons why the trial judge accommodated the particular witness.

In the absence of a specific constitutional violation, habeas review of trial error is limited to whether the error "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  Parle v. Runnels, 387 F.3d 1030, 1045 (9th Cir. 2004).  Therefore, the relevant inquiry for the court is whether the state court's determination that the interjection of this testimony in the midst of Gordon's defense case did not affect his ability to present his defense was erroneous.  The state court offered a reasonable explanation as to why the timing of the testimony did not unduly prejudice petitioner. (Answer Ex. A at 42-44.)  Therefore, this claim is DENIED.

5

Petitioner's fourth claim asserts that the prosecutor systematically excused African-American jurors in violation of <u>Batson v. Kentucky</u>, 476 U.S. 79, 106 S.Ct. 1712 (1986). The state court of appeal found this claim was procedurally defaulted because petitioner did not contemporaneously object to the exclusions, and rejected Gordon's argument that the objections of co-defendants satisfied his state law obligation to object. (<u>Id.</u> at 18-19.) The Ninth Circuit has not ruled on the specific issue of whether California's requirement of a contemporaneous <u>Batson</u> objection is an independent and adequate state law procedural rule that should be enforced by federal courts. However, the requirement of a contemporaneous <u>Batson</u> objection meets the applicable standards for applying a state procedural bar. <u>See Park v. California</u>, 202 F.3d 1146, 1151 (9th Cir. 2000); <u>Bargas v. Burns</u>, 179 F.3d 1207, 1212 (9th Cir. 1999). The requirement is independent of federal law and had been consistently and regularly applied in numerous California cases at the time of petitioner's default. <u>See, e.g.</u>, <u>People v. McPeters</u>, 2 Cal.4th 1148, 1174, 9 Cal.Rptr.2d 834 (1992); <u>People v. Montiel</u>, 5 Cal.4th 877, 908 21 Cal.Rptr.2d 705 (1993); <u>People v. Wheeler</u>, 22 Cal.3d 258, 280, 148 Cal.Rptr. 890 (1978). Therfore, this claim is DENIED as procedurally defaulted.

Petitioner's final claim is that his sentence for the gun enhancement was arbitrarily increased by the trial judge. To state a federal claim for an allegedly erroneous sentence, a petitioner must demonstrate that the sentence is "so arbitrary or

6

capricious as to constitute an independent due process or Eighth Amendment violation." Richmond v. Lewis, 506 U.S. 40, 50, 113 S.Ct. 528 (1992). Habeas corpus relief is generally not available for a mere violation of state sentencing laws. Id. Moreover, where the sentence in within the allowable range under state law, the imposition of state law sentence enhancements is reviewed under a deferential standard. Lewis v. Jeffers, 497 U.S. 764, 783-84, 110 S.Ct. 3092 (1990); Martinez-Villareal v. Lewis, 80 F.3d 1301, 1307-08 (9th Cir. 1996).

Petitioner's reliance on a single, out-of-context comment by the trial judge that "I still have a murderer in front of me no matter how you look at" is misplaced. First, when the statement is considered in context, it is clear that the judge was simply stating that the character of the victims was irrelevant to his sentencing decision, not that he was prepared to ignore the decision of the appeal court to vacate petitioner's attempted murder conviction. Second, the state court of appeal found that, regardless of any preliminary commentary, the judge's ultimate decision was based only on proper aggravating factors. (Answer Ex. D at 9-10.) This decision is not an unreasonable determination of the facts. Finally, the sentence is not unreasonable, given the presence of at least two aggravating factors -- a prior felony conviction and the violent and dangerous nature of the crime. Therefore, this claim is DENIED.

For the above stated reasons, Gordon's petition under 28 U.S.C § 2254 is DENIED.

1      IT IS SO ORDERED.

2  DATED: 9/26/2005

```
                                    _____
                                    DAVID F. LEVI
                                    United States District Judge
```